**James William DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–04–00157–CR, 12–04–00158–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 17, 2005.

Discretionary Review Granted
Feb. 15, 2006.

Randy Taylor, James William Davis, for appellant.

Robert F. Vititow, Emory, for appellee.

Panel consisted of WORTHEN, C.J., DeVASTO, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## *OPINION*

BILL BASS, Justice.

These are probation revocation cases. Appellant presents two issues on appeal. In his first issue, he contends that the order placing him on probation without adjudication of guilt in appellate cause number 12–04–00158–CR and the judgment granting him probation in appellate cause number 12–04–00157–CR were void, because the county attorney of Rains County did not subscribe to the constitutionally mandated oath of office and antibribery oath until two months after the challenged order and judgment were rendered. In his second issue, Appellant maintains his counsel was ineffective because he did not urge the prosecutor's disqualification during the original proceedings. We affirm.

### BACKGROUND

On November 15, 2002, Appellant James William Davis pleaded guilty to the offense of engaging in organized criminal activity for the purpose of committing burglary and theft (appellate cause number 12–04–00158–CR). Without adjudicating Appellant's guilt, the trial court placed him on probation for ten years. On that same date, Appellant also pleaded guilty to the offense of burglary of a habitation (appellate cause number 12–04–00157–CR). The trial court found Appellant guilty and placed him on probation for ten years. On June 26, 2003, the State moved to proceed to adjudication in the organized crime case and also moved to revoke Appellant's probation in the burglary case.

On February 20, Appellant signed a judicial confession and a stipulation of evidence admitting the violation of one of the terms of the deferred adjudication community supervision order. The trial court adjudged Appellant guilty of the offense of engaging in organized criminal activity and sentenced him to imprisonment for forty years.

On February 20, 2004, Appellant also pleaded true to the violation of one of the

terms of his probation granted in the burglary case. The trial court revoked Appellant's probation and sentenced him to imprisonment for ten years. The court ordered further that the sentence be served consecutively with the term assessed in the organized criminal activity case.

### PROSECUTOR'S AUTHORITY TO ACT

■ In his first issue, Appellant contends that Robert Vititow, Rains County Attorney and prosecutor in both cases, was without authority to act in his official capacity, because he failed to take the oaths mandated by Article XVI, Section 1 of the Texas Constitution until two months after the original proceedings in which Appellant was placed on probation. Therefore, Appellant maintains that the original judgment in the burglary case and the order placing him on deferred adjudication probation in the organized criminal activity case are void. Appellant further insists that the anti-bribery oath filed by Robert Vititow on January 13, 2003, two months after the judgment and order, does not substantially comply with the language specified by Article XVI, Section 1(b) of the Texas Constitution. Appellant also contends that Robert Vititow has never qualified to represent the State in district court because he took the required oaths only in the capacity of county attorney of Rains County and not as district attorney.[1]

■ There is no evidence in the appellate record supporting Appellant's contentions. He has, however, attached photocopies of four documents from the Secretary of State's office. The first document, signed by Secretary of State Gwyn Shea, states "that [on December 12, 2002], a diligent search of the rec-

ords of this office pursuant to TEX. CONST. art XVI, § 1 has failed to find filings for Robert Vititow as County Attorney and District Attorney, Rains County." The second document, signed February 19, 2004 by Geoff S. Connor, Secretary of State, states that a similar search made on February 19, 2004 found filings for Robert Vititow as County Attorney but not District Attorney of Rains County. The other two documents are photocopies of Vititow's Statement of Elected Officer and Oath and Statement of Elected Officer, both dated January 13, 2003. Appellant never offered proof of these documents in the trial court nor did he request the trial court to take judicial notice of them. Nevertheless, Appellant contends we should take judicial notice of them on appeal.

A court may take judicial notice of adjudicative facts at any stage of the proceeding. TEX.R. EVID. 201(c), (f). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b). Texas Rule of Evidence 201(d) provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information[,]" but the rule does not specify when the request must be made.

The cases are not easily reconciled that discuss when judicial notice by an appellate court is appropriate when judicial notice was not requested in the trial court. In *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961) cited by Appellant,

---

**1.** The Texas Government Code provides that "the county attorney of Rains County shall perform the duties imposed on and have the

powers conferred on district attorneys by general law." TEX. GOV'T CODE ANN. § 45.290(a) (Vernon 2004).

the supreme court affirmed the decision of the court of appeals holding that the court of appeals could judicially notice that the entire city of Jacksonville was located in Cherokee County although the district court was not requested to do so. In *Gonzales v. State*, 723 S.W.2d 746, 751–52 (Tex.Crim.App.1987), the court of criminal appeals held that the court of appeals was correct in judicially noting that San Antonio was an incorporated city. In *McCulloch v. State*, 740 S.W.2d 74, 75–76 (Tex. App.-Fort Worth 1987, pet. ref'd), the Fort Worth Court of Appeals judicially noted the explosive nature of gasoline. This court judicially noticed that over four ounces of marijuana was a usable quantity. *Siroky v. State*, 653 S.W.2d 476, 480 (Tex. App.-Tyler 1983, pet. ref'd).

There are, however, numerous cases where the appellate court refused to take judicial notice of adjudicative facts first presented on appeal. In *Duderstadt Surveyors Supply v. Alamo Express*, 686 S.W.2d 351, 354 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.), while the appeal was pending, the appellant filed a motion in the court of appeals that it take judicial notice of a tariff of the Railroad Commission. Appellant invoked the mandatory notice provision of Rule 201(d) as well as 201(f), which provides, "Judicial notice may be taken at any stage of the proceeding." The court of appeals refused to judicially notice and apply the tariff, holding that matters not raised in the trial court cannot be raised for the first time on appeal.[2] *Duderstadt Surveyors Supply*, 686 S.W.2d at 354. The court of appeals in *Hadley v. State*, 735 S.W.2d 522, 530 (Tex.App.-Amarillo 1987, pet. ref'd) refused to take judicial notice of Oklahoma law, because

the appellant did not request such notice in the trial court. The judgment was affirmed. *Id.* at 530. In *Kaman v. State*, 923 S.W.2d 129, 132 (Tex.App.-Houston [1st Dist.] 1996, no pet.), the court of appeals declined to take judicial notice of the indictment, because it was not included in the trial court or appellate record even though the appellant had requested that the trial court judicially notice the document. Without reaching the merits of the case, the court of appeals upheld the trial court's denial of habeas corpus relief. *Id.* at 132. The appellant in *Murphy v. State*, 95 S.W.3d 317, 319–20 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) contended that his conviction was void, because the visiting trial judge had not taken the constitutionally required oath of an appointed officer before conducting the appellant's trial. No evidence of this omission was included in the appellate record, and the judgment was affirmed. In his motion for rehearing, the appellant attached a document from the Secretary of State's office apparently showing that the judge had not filed the required oath. The court of appeals refused to consider it, because it was not part of the appellate record. *Id.* at 320.

One commentator has suggested the apparent conflict in the cases can be explained by the following analysis:

The judicial debate over whether judicial notice should or may be taken at the appellate level when the trial court was not expressly requested to take judicial notice may be resolved by dividing appellate judicial notice into two categories: (1) notice that upholds the lower court and (2) notice that undermines the lower court. If judicial notice of a fact

---

**2.** "The judgment of the court of appeals was both fair and sound. While no timeliness requirement is specified in rule 201(d) as a condition of mandatory notice, the *Duderstadt* case illustrates why such a requirement

should be implied." Olin Guy Wellborn, III, *Judicial Notice Under Article II of the Texas Rules of Evidence*, 19 St. Mary's L.J. 1, 17 (1987).

supports the integrity of the fact-finder's ruling or verdict, judicial notice may properly be taken for the first time on appeal. If judicial notice would reverse the judgment or ruling of the fact-finder, such notice should not normally be taken for the first time on appeal absent a timely request in the lower court. [Citations omitted].

Cathy Cochran, *Texas Rules of Evidence Handbook* 149 (5th ed.2003). This analysis is consistent with the view that judicial notice is not mandatory on appeal[3] and also with traditional judicial philosophy that indulges a wide range of presumptions in support of the trial court's judgment. The trial court had no opportunity to consider the documents upon which Appellant relies. They are not part of the appellate record, and we decline to take judicial notice of them.

Our decision would be the same even if the documents were properly before us. Appellant has cited several cases holding that acts performed by a judge who had not subscribed to the constitutional oath and anti-bribery statement are void. *See, e.g., Prieto Bail Bonds v. State,* 978 S.W.2d 574, 574 (Tex.Crim.App.1998); *Garza v. State,* 157 Tex.Crim. 381, 249 S.W.2d 212, 212 (1952). However, we have found no case holding a conviction void because of the prosecutor's failure to subscribe to the constitutionally mandated oaths. Appellant's first issue is without merit and is overruled.

### *Ineffective Assistance of Counsel*

■ In his second issue, Appellant maintains that he was denied effective assistance of counsel. He argues that his attorney in the original proceedings was ineffective in that he failed to raise the issue of the prosecutor's failure to comply with the constitutional oath requirements in the trial court before the rendition of the original judgment in cause number 12–04–00157 and order of probation in cause number 12–04–00158.

In order to prevail on an ineffective assistance of counsel claim, Appellant must show that the performance of his attorney fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). He must also show that "there is a probability sufficient to undermine confidence in the outcome that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.; Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986). In evaluating the effectiveness of counsel, the reviewing court looks to the totality of the representation and the particular circumstances of each case. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). The appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). The record must affirmatively demonstrate the alleged ineffective assistance. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim.App.1996).

The appellate record in this case does not affirmatively demonstrate ineffective assistance of counsel. Moreover, a defense counsel's failure to verify before trial that the elected county or district attorney has subscribed to the oaths required by the constitution does not demonstrate be-

---

**3.** *See, e.g.,* 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Proce-* *dure* § 5107 (2d ed.1977).

low-standard performance. Finally, even had counsel raised the issue during the original proceedings, the result would be no different. Appellant's second issue is overruled.

### DISPOSITION

The judgment in both cases is ***affirmed.***