James William DAVIS, Appellant

v.

The STATE of Texas.

Nos. PD–1346–05, PD–1348–05.

Court of Criminal Appeals of Texas.

June 27, 2007.

Mark Falcon, Yantis, for Appellant.

Sue Korioth, Special Prosecutor, Dallas, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

HOLCOMB, J., delivered the opinion for a unanimous Court.

In this case, we are asked to determine whether the prosecutor satisfied the oath requirements for elected officers contained in Article XVI, Section 1, of the Texas Constitution, and whether the court of appeals erred in failing to judicially notice appellant's "exhibits" tendered for the first time on appeal. We conclude that appellant failed to preserve his issue regarding the qualifications of the prosecutor in this case and affirm the judgment of the court of appeals.

### *Background*

On November 15, 2002, in Rains County, appellant James William Davis pled guilty to (1) burglary of a habitation [1] and (2) engaging in organized criminal activity.[2] Adjudging appellant guilty of the first offense, but without adjudicating guilt for the second offense, the trial court placed appellant on community supervision for ten years for each offense. On June 26, 2003, the State moved to revoke appellant's community supervision in the burglary case and to proceed with an adjudication of guilt in the organized-crime case. On February 6, 2004, appellant signed a judicial confession and a stipulation of evidence, for each offense, admitting the violation of one of the terms of the deferred adjudication community supervision order. On February 20, 2004, the trial court adjudged appellant guilty of the organized-crime offense and sentenced him to imprisonment for forty years. On that same date, the trial court also revoked appellant's community supervision in the burglary case, sentenced him to imprisonment for ten years, and ordered that that sentence be served consecutively with the sentence assessed in the organized-crime case.

On direct appeal, appellant argued for the first time that the trial court's November 15, 2002 order placing him on community supervision without adjudication of guilt in the organized-crime case and its November 15, 2002 judgment granting him community supervision in the burglary case were both void because the County Attorney had not complied with the Texas Constitution Article XVI, Section 1 [3] oath

1. *See* Tex. Pen.Code § 30.02.

2. *See* Tex. Pen.Code § 71.02.

3. Subsection (a) of Article XVI, Section 1, of the Texas Constitution, requires all elected and appointed officers to take a specifically prescribed Oath or Affirmation, before they enter upon the duties of their offices; subsection (b) of the provision requires all such officers to subscribe to a specifically prescribed statement, before taking the Oath or Affirmation required by subsection (a) and entering upon the duties of their offices; and subsection (c) of the provision requires cer-

requirements of his office until two months after the challenged order and judgment were rendered. The court of appeals found that "[t]here was no evidence in the appellate record supporting [a]ppellant's contentions." *Davis v. State*, Nos. 12–04–00157–CR & 12–04–00158–CR, slip op. at 4, 227 S.W.3d 766, 768 (Tex.App.-Tyler 2005) (to be published). In support of his claims, however, appellant attached to his appellate brief photocopies of three documents from the Secretary of State's Office and one document from the Rains County Clerk's Office, and asked the court of appeals to take judicial notice of those four documents. *Id.* As the record shows, two of the documents were certifications by the Secretary of State. The first certification was dated December 12, 2002, and stated that "a diligent search of the records filed in [the Secretary of State's] office pursuant to Tex. Const. art. XVI, § 1[had] failed to find filings for Robert Vititow as County Attorney and District Attorney, Rains county." The second certification, dated February 19, 2004, stated that a similar search had "found filings for Robert Vititow as County Attorney, Rains County dated January 13, 2003," but that it had "failed to find filings for Robert Vititow as District Attorney, Rains County." The other two documents that appellant tendered to the court of appeals were photocopies of the prosecutor's "Statement of Elected Officer" and "Oath and Statement of Elected Officer," both dated January 13, 2003.

As the court of appeals noted, "[a]ppellant never offered proof of these documents in the trial court nor did he request the trial court to take judicial notice of them." *Davis v. State, supra*, at 768.

Recognizing that "[a] court may take judicial notice of adjudicative facts at any stage of the proceeding," *id.* (citing Tex.R. Evid. 201(c), (f)), the court of appeals nevertheless declined to take judicial notice of the four documents on the grounds that "[t]he trial court had no opportunity to consider the documents upon which Appellant relie[d]" and the documents were "not part of the appellate record." *Id.* at 770. Thus, the court of appeals, holding that its "analysis [was] consistent with the view that judicial notice is not mandatory on appeal and also with traditional judicial philosophy that indulges a wide range of presumptions in support of the trial court's judgment," *id.*, affirmed the trial court's order and judgment rendered against appellant. *Id.* at 770.

We granted review to determine whether the court of appeals erred in overruling appellant's issue regarding the prosecutor's failure to meet the oath requirements for elected officers, mandated by Article XVI, Section 1 of the Texas Constitution, when that court failed to judicially notice appellant's exhibits.

### Discussion

Appellant argues that "[t]he prosecutor in this case is an 'elected officer' [because] he signed and swore to the Statement of Elected Officer." App. Br. at 5. Appellant therefore claims that the prosecutor is subject to the constitutional oath requirements of Article XVI, Section 1 of the Texas Constitution, which requires all "elected officers" to fulfill specific oath requirements before entering upon the duties of their office. According to appellant, however, the Statement, signed and sworn to by this prosecutor, does not sub-

---

tain officers to file the signed statement required by subsection (b) with the Secretary of State, before taking the Oath or Affirmation required by subsection (a), while allowing

other officers to retain such statement with the official records of the office. *See* TEX. CONST. art. XVI, § 1.

stantially comply with the specific language of Article XVI, Section 1(b). Moreover, appellant argues, the prosecutor did not file this statement with the Secretary of State until January 13, 2003, subsequent to the order and judgment originally rendered against appellant. Finally, appellant argues that while the prosecutor swore to "faithfully execute the duties of the office of County Attorney of Rains County," he never took the oath nor filed the statement as a District Attorney, even though he prosecuted the felony charges against appellant as the District Attorney of Rains County. For all these reasons, appellant claims that the original order and judgment rendered against him were "*void ab initio,*" because the prosecutor in this case had not properly qualified for his office and thus had no authority to prosecute these cases. App. Br. at 12.

██ We note at the outset that appellant raised the issue of the prosecutor's qualifications for the first time on direct appeal. *See Davis, supra,* at 767.[4] As we have held in the past, "in general, all but the most fundamental evidentiary and procedural rules (or 'rights') are forfeited if not asserted at or before trial." *Wilson v. State,* 977 S.W.2d 379, 380 (Tex.Crim.App. 1998), citing *Marin v. State,* 851 S.W.2d 275, 278–80 (Tex.Crim.App.1993), 3 W. La-Fave & J. Israel, *Criminal Procedure* § 26.5(c) (1984) (discussing the many benefits of the "raise-or-forfeit" rule). Since then, we have clarified that "a judgment is void only in very rare situations—usually due to a lack of jurisdiction." *Nix v. State,* 65 S.W.3d 664, 668 (Tex.Crim.App.2001). As we articulated,

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.*
*Id.*

██ We added that "[w]hile we hesitate to call this an exclusive list, it is very nearly so." *Id.* Even more importantly, however, we noted that

for a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect.

*Id.* at 668–69. In the case at bar, as we noted earlier, there was "no evidence in the appellate record" to support appellant's allegations regarding the prosecutor's qualifications, *see Davis, supra,* at 768, until appellant tendered the four exhibits to the court of appeals and asked that court to take judicial notice of those

---

**4.** The court of appeals noted that "[a]ppellant maintains his counsel was ineffective because he did not urge the prosecutor's disqualification during the original proceedings." *Davis, supra,* at 767. The particular issue of the counsel's effectiveness, however, is not before

this Court. We quote the court of appeals' statement merely to indicate that by failing to raise the issue of the prosecutor's qualifications at trial, appellant has seriously undermined, if not altogether failed to preserve, his right to raise this issue at the appellate level.

documents as proof of allegations that he raised for the first time on direct appeal. As we noted in *Wilson,* the reason for the "raise-or-forfeit" rule (i.e., requiring a defendant to raise the issue at or before trial, or forfeit any rights thereof) is that "[a] timely objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate corrective action." 977 S.W.2d at 380–81. But appellant in the present case deprived both the trial judge and the State of this opportunity, by failing to raise this procedural matter at or before the trial. Thus, the court of appeals was correct in declining to take judicial notice of the appellant's exhibits, on the grounds that "[t]he trial court had no opportunity to consider the documents upon which [a]ppellant relies" and the documents "are not part of the appellate record." *Davis, supra,* at 768.

Thus, in light of our prior decisions, we hold that appellant in this case did not preserve the right to question the prosecutor's qualifications on direct appeal.

### Conclusion

We hold that appellant failed to preserve his issue regarding the qualifications of the prosecutor in this case. We, therefore, affirm the judgment of the court of appeals.