IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,638-01 & WR-68,638-02






EX PARTE JAMES WILLIAM DAVIS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 3806B-A & 3613-A IN THE 8
TH JUDICIAL DISTRICT COURT


FROM RAINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas to one charge of engaging in
organized criminal activity, and one charge of burglary of a habitation. He originally received ten years'
deferred adjudication community supervision for the engaging in organized criminal activity charge, and ten
years' "straight" probation for the burglary of a habitation charge. 

 The State later moved to revoke Applicant's community supervision in both causes. The trial court
adjudicated Applicant guilty and sentenced him to forty years' imprisonment for the engaging in organized
criminal activity charge. The court also revoked Applicant's probation in the burglary of a habitation cause,
and sentenced him to ten years' imprisonment. Pursuant to the State's motion to cumulate sentences, the
trial court ordered the ten year sentence to run consecutively to the forty year sentence. 

 The Twelfth Court of Appeals affirmed Applicant's convictions. Davis v. State, Nos. 12-04-00157-CR and 12-04-00158-CR (Tex. App. - Tyler, August 17, 2005). This Court granted
discretionary review, and affirmed the judgment of the court of appeals. Davis v. State, 227 S.W.3d 733
(Tex. Crim. App. 2007).

 Applicant filed these writs of habeas corpus, raising a number of grounds for review. The State
had not filed an answer, and the trial court has not entered findings of fact and conclusions of law. 
Applicant alleges, inter alia, that his pleas both to the original charges and to the allegations in the motion
to revoke and adjudicate were involuntary because he was suffering from mental problems, was not
properly advised by counsel, and was coerced into pleading guilty and true. He also alleges that he
received ineffective assistance of counsel at both plea proceedings. In addition, Applicant alleges that
counsel at revocation and adjudication failed to object when the trial court improperly cumulated his
sentences after revocation and adjudication, in violation of Section 3.03 of the Texas Penal Code. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel and revocation/ adjudication counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the plea documents from the
original proceedings, including the admonishments and any evidence introduced to support the pleas. The
trial court shall also supplement the record with copies of the conditions of community supervision, and of
the motion(s) to revoke probation and proceed to adjudication of guilt. The trial court shall make findings
as to whether there was evidence before the court indicating that Applicant was not mentally competent
to enter the pleas, and if so whether a competency inquiry was conducted. The trial court shall make
findings of fact as to whether Applicant was properly advised of the nature of the charges, the applicable
punishment ranges, the rights he was waiving, and the consequences of his pleas, including the
consequences if his deferred adjudication community supervision were revoked. The trial court shall make
findings as to whether Applicant ever expressed a desire to go to trial on these charges, rather than pleading
guilty, and as to whether Applicant was induced to plead guilty in exchange for favorable disposition of
pending charges against his mother and younger brother. The trial court shall make findings of fact and
conclusions of law in regard to Applicant's claim that his pleas of guilty and true were involuntary. 

 The trial court shall also make findings as to whether Applicant's counsel during the original plea
proceedings and the revocation/ adjudication proceedings provided deficient performance, and if so,
whether counsel's errors resulted in prejudice to Applicant's cases.

 In addition, the trial court shall make findings of fact as to the basis for the State's motion to
cumulate the sentences in these causes, and as to the basis for the court's decision to cumulate the
sentences. If defense counsel objected to the cumulation of the sentences, the trial court shall make findings
as to the stated basis for the objection. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: December 12, 2007

Do not publish