NOS. 12-22-00017-CR
12-22-00018-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE ZENO,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jamie Zeno appeals his convictions for prohibited substance in a correctional facility and possession of a controlled substance. He raises two issues for our consideration. We affirm.

### BACKGROUND

Appellant was charged by separate indictments for possession of a controlled substance, a state jail felony, and prohibited substance in a correctional facility, a third-degree felony.[1] Both offenses are alleged to have occurred on March 28, 2021 in Smith County, Texas. On September 13, pursuant to a plea agreement, the trial court accepted Appellant's pleas of "guilty" in each case, deferred a finding of "guilt," and ordered Appellant to complete five years of community supervision subject to certain terms and conditions.

In October, the State filed motions to adjudicate Appellant's guilt in each case alleging numerous violations of his community supervision. On January 12, 2022, the trial court held a hearing on the State's motions. At the beginning of the hearing, the State abandoned several allegations, but Appellant entered pleas of "true" to several other allegations, including possession and use of alcohol, marijuana, and cocaine. The trial court accepted Appellant's

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(g) (West Supp. 2021); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021).

pleas of "true," proceeded to find Appellant "guilty" in each case, and sentenced Appellant to four years of imprisonment in the prohibited substance in a correctional facility case and twelve months of imprisonment in the possession case. This appeal followed.

### DOUBLE JEOPARDY

In Appellant's first issue, he argues that his convictions for possession of a controlled substance and possession of a prohibited substance in a correctional facility subject him to double jeopardy in violation of his rights under the United States and Texas Constitutions. *See* U.S. CONST. V, XIV; *see also* TEX. CONST. ART. 1, § 14. The State argues that Appellant did not preserve this issue for review and that Appellant's convictions do not implicate double jeopardy.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). A multiple punishments claim can arise in two contexts: (1) the lesser included context, in which the same conduct is punished twice, once for basic conduct and a second time for that same conduct plus more; and (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once. *Id.* Appellant complains that he was punished twice for the same conduct because possession of a controlled substance is a lesser included offense of possession of a prohibited substance in a correctional facility and because, according to Appellant, the State relied upon the same general facts for both convictions.

The State correctly asserts that Appellant entered pleas of "guilty" to each case in exchange for a recommendation of deferred adjudication and subsequently pleaded "true" to violating his community supervision without ever raising the issue of double jeopardy in the trial court. However, a double jeopardy claim may be raised for the first time on appeal when "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serve no legitimate state interests." *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). But on appeals from an order revoking community supervision, the general rule requires us to limit our inquiry

into the propriety of the revocation order and not the issues related to the underlying conviction. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Appellant's double jeopardy complaint relates to the trial court's original judgment accepting his pleas of "guilty" to each count; therefore, we cannot consider it.

Nevertheless, we may address the claim if it would render the judgment void, because a void judgment may be attacked at any time. *See Ex parte Patterson*, 969 S.W.2d 16, 18 (Tex. Crim. App. 1998). The Texas Court of Criminal Appeals has declined to rule that double jeopardy is a jurisdictional defect. *King v. State*, 161 S.W.3d 264, 267 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Haight v. State*, 137 S.W.3d 48, 49 n. 5 (Tex. Crim. App. 2004)). There is no consensus among the intermediate appellate courts on this issue. *Compare King v. State*, 161 S.W.3d 264, 267 (Tex. App.—Texarkana 2005, pet. ref'd) (holding that double jeopardy claim does not raise nonjurisdictional defect); *Yount v. State*, No. 03-96-00565-CR, 1998 WL 3205, at *2 (Tex. App.—Austin Jan. 8, 1998, no pet.) (op., not designated for publication) (same); *Ramirez v. State*, 36 S.W.3d 660, 663 (Tex. App.—Waco 2001, pet. ref'd) (same) with *Cole v. State*, 776 S.W.2d 269, 270 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding double jeopardy claim does raise a jurisdictional defect); *Rodriguez v. State*, 750 S.W.2d 906 (Tex. App.—Corpus Christi 1988, pet. ref'd) (same); *Harrison v. State*, 721 S.W.2d 904 (Tex. App.—Dallas 1986), *vacated & remanded on other grounds*, 767 S.W.2d 803 (Tex. Crim. App. 1989).

We need not decide the issue in this case, however, because for a judgment to be void, the record must leave no question about the existence of the fundamental defect. *Davis v. State*, 227 S.W.3d 733, 736 (Tex. Crim. App. 2007). If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even if the available portions of the record could support the existence of the defect. *Id.* When a defendant does not challenge the indictment(s) pre-trial and elects to waive a jury and enter a plea of "guilty" to multiple counts with facial allegations of distinct offenses, and there is no record by which to contradict the allegations, he concedes that he has committed separate crimes. *Lackey v. State*, No. 08-08-00012-CR, 2009 WL 4831618, at *7 (Tex. App.—El Paso Dec. 16, 2009, pet. ref'd) (op., not designated for publication) (citing *United States v. Broce*, 488 U.S. 563, 570, 109 S. Ct. 757, 763, 102 L.Ed.2d 927 (1989)). Simply put, absent factual proceedings where a claim of double jeopardy was developed in light of a defendant's "guilty"

pleas, no double jeopardy violation is clearly apparent on the face of the record. *Lackey*, 2009 WL 4831618, at *7. Here, Appellant was charged with facially different allegations, pursuant to two different statutes in separate codes, and pleaded "guilty" to each charge. By doing so, he conceded that each count was a separate criminal act. *Id.* As there were no proceedings that developed the facts of each charged act in the record, we lack the ability to determine whether those acts were the same or separate crimes. *See* *King*, 161 S.W.3d at 268. Thus, we must overrule Appellant's first issue.

## COURT COSTS

In his second issue, Appellant contends the trial court improperly assessed duplicative court costs because the cases were tried in a single criminal action. *See* TEX. CODE CRIM. PRO. ANN. art. 102.073 (a) (West 2018) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."). The State argues that Appellant forfeited the issue by his failure to raise it timely.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See* *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See* *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.—Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also* *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

But where an appellant fails to file a notice of appeal within thirty days of being placed on community supervision, an appeal raising issues about the propriety of court costs after final adjudication is not timely with respect to the court costs assessed in the order of deferred adjudication. *See* *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also* *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to court appointed attorney's fees as court costs by failing to bring direct appeal from order originally imposing community supervision); *Manuel v. State*,

994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *accord **Riles v. State***, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (emphasizing that procedural default premised on an appellant's knowledge of and failure to challenge issue in appeal of community supervision order).

Based upon our review of the record, Appellant agreed, as a condition of community supervision, to pay all court costs. In its order placing Appellant on community supervision, the trial court assessed $251.50 in court costs in the prohibited substance in a correctional facility case and $549 in court costs in the possession of a controlled substance case. The record also contains a certified bill of costs in each case reflecting that $251.50 is owed in the prohibited substance in a correctional facility case and $249 is owed in the possession of a controlled substance case.[2] Based on the foregoing, we conclude that any complaints about duplicative court costs ordered in conjunction with the trial court's community supervision order could and should have been made in a timely appeal of that order. *See **Perez***, 424 S.W.3d at 86. Appellant's failure to do so constituted a procedural default. *See **id.*** (citing ***Wiley***, 410 S.W.3d at 320). Appellant's second issue is overruled.

## CONCLUSION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] In its order adjudicating Appellant's guilt in the possession case, the trial court assessed $249 in court costs. The record does not reveal why the original deferred order listed the court costs assessed as $549. However, the bill of costs, the order revoking Appellant's community supervision, and the attached order to withdraw funds all list the amount assessed as $249.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00017-CR**

**JAMIE ZENO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0952-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00018-CR**

**JAMIE ZENO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0951-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*