Alfred Woodrow **WILSON**, Appellant,

v.

The **STATE** of Texas.

No. 0585–97.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 14, 1998.

Loren A. Detamore, Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and BAIRD, MEYERS, PRICE, HOLLAND and WOMACK, Judges, joined.

An assigned former judge, whose assignment had already expired, presided at appellant's trial. The question presented is whether appellant was entitled to complain of that procedural irregularity for the first time on appeal.

### The Relevant Facts

On May 21, 1993, a Harris County grand jury returned an indictment in the 232nd District Court of Harris County charging appellant with possession of a controlled substance, namely cocaine, in an amount less than 28 grams. See Tex. Health & Safety Code § 481.115. On March 31, 1995, the presiding judge of the Second Administrative Judicial Region, acting pursuant to Texas Government Code § 74.056(a), assigned the Honorable Robert Burdette, former judge of the 184th District Court of Harris County, to the 262nd District Court of Harris County for a five-week period beginning April 3, 1995, and ending May 7, 1995. On May 10, 1995, appellant's jury trial began in the 262nd District Court,[1] with Judge Burdette presiding. Appellant did not object to Judge Burdette presiding at his trial. Appellant's

---

1. Because of a backlog in the 232nd District Court, the 262nd District Court was assisting the 232nd in its case load.

jury subsequently found him guilty as charged, and Judge Burdette assessed appellant's punishment, enhanced by two prior felony convictions, at imprisonment for thirty years.

On appeal, appellant argued, for the first time, that Judge Burdette had lacked legal authority to preside at his trial because Judge Burdette's assignment had expired three days before the trial had begun. Appellant argued further that the error entitled him to a reversal of his conviction. Appellant did not argue, however, that Judge Burdette had been constitutionally or statutorily unqualified or disqualified from presiding.

The Fourteenth Court of Appeals affirmed appellant's conviction without reaching the merits of his argument concerning Judge Burdette:

> It is well settled that the proper method to challenge the authority of the trial judge is to bring a direct action through a quo warranto proceeding rather than by a collateral attack on appeal. Appellant concedes that prior to trial he failed to object to, or otherwise challenge, Burdette's authority to act as the presiding judge. By failing to object in a proper and timely manner, appellant has waived his right to complain about the validity of the judge's assignment.

*Wilson v. State*, 944 S.W.2d 444, 445 (Tex. App.—Houston [14th Dist.] 1997) (citations omitted).

Appellant later filed a petition for discretionary review, in which he asserted two grounds for review. We granted appellant's ground for review number one to determine whether the Court of Appeals had erred in refusing to reach the merits of his argument.[2] See Tex.R.App. Proc. 66.3(b).

*Analysis*

■■■ As the Court of Appeals noted, under our precedents, an appellant may not object, for the first time on appeal, to a procedural irregularity in the assignment of a former judge who is otherwise qualified.[3] Rather, a defendant "must bring a direct action through a quo warranto proceeding." *Keen v. State*, 626 S.W.2d 309, 311–312 (Tex. Crim.App.1981); *Archer v. State*, 607 S.W.2d 539, 543–544 (Tex.Crim.App.1980). It is clear to us now, however, that the rule of *Keen* and *Archer* must be abandoned as unworkable.[4]

Quo warranto proceedings are governed by statute. Under Texas Civil Practices and Remedies Code § 66.002(a), only the "attorney general or the county or district attorney of the proper county" may bring an action in the nature of quo warranto. That statute must be understood to mean what it plainly states. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Therefore, it is not realistic to require a defendant to initiate a quo warranto proceeding.

How, then, may a defendant challenge the authority of a trial judge, who is otherwise qualified, to preside pursuant to an expired assignment? We hold that such a defendant, if he chooses, may object pretrial; if he does not, he may not object later or for the first time on appeal.

■■■ This holding is consistent with our prior holding that, in general, all but the most fundamental evidentiary and procedural rules (or "rights") are forfeited if not asserted at or before trial.[5] See *Marin v. State*, 851 S.W.2d 275, 278–280 (Tex.Crim.App. 1993). A timely objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate

---

**2.** We dismiss appellant's ground for review number two as having been granted improvidently. See Tex.R.App. Proc. 69.3.

**3.** A challenge to the trial judge's legal qualifications may, of course, be raised for the first time on appeal. *Davis v. State*, 956 S.W.2d 555, 559 (Tex.Crim.App.1997); *Johnson v. State*, 869 S.W.2d 347, 348–349 (Tex.Crim.App.1994).

**4.** When governing decisions of this Court are unworkable or badly reasoned, we are not constrained to follow them. *Proctor and Lemell v. State*, 967 S.W.2d 840, 845 (Tex.Crim.App.1998).

**5.** Professors LaFave and Israel have written insightfully about the many virtues of the raise-or-forfeit rule. See 3 W. LaFave & J. Israel, *Criminal Procedure* § 26.5(c) (1984).

corrective action. See *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977).

Appellant never complained to Judge Burdette that his assignment had expired. Therefore, appellant forfeited his right to challenge the authority of Judge Burdette to preside in this cause.

We affirm the judgment of the Court of Appeals.

OVERSTREET, J., concurs in the judgment of the Court.

KELLER, J., files an opinion concurring in the judgment of the Court.

KELLER, Judge, concurring.

I agree with the majority that the expiration of a retired judge's assignment does not render a conviction void. However, the majority also holds that a defendant may preserve error by objecting pretrial to a procedural irregularity in the assignment of a trial judge who is otherwise qualified.[1] I disagree.

In *Miller v. State*, 866 S.W.2d 243 (Tex. Crim.App.1993), we explained that a party may preserve error concerning the challenge to the authority of a *special* judge by objecting at trial. We distinguished special judges from duly-elected or retired judges, however, saying that:

> Quo warranto is ... the only means to challenge the authority of a duly-elected district judge or an appointed retired district judge. (citations omitted.) However, special judges, unlike duly-elected judges or retired judges, are not office holders subject to quo warranto. A duly-elected judge or a retired judge is a judge in his or her own right.

Thus, although the authority of a special judge was at issue in *Miller*, the clear implication is that an objection is *not* sufficient when a party wishes to challenge the authority of a duly-elected or retired judge.

We have also stated that, "in matters which concern the public, the officer's title to his office (he being in the exercise of its duties) cannot be questioned unless in a di-rect proceeding having for its object the contestation of his right to hold office." *Snow v. State*, 134 Tex.Crim. 263, 114 S.W.2d 898, 900 (Tex.Crim.App.1938) (opinion on rehearing). An attack on the judge's authority at the trial of a case over which he is presiding is considered a collateral attack, which is not permitted. *See, Archer v. State*, 607 S.W.2d 539, 544 (Tex.Crim.App.1980), *cert. denied* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). As this case involves the assignment of a retired judge rather than a special judge, an objection would not have preserved error.

The only recognized method for attacking the validity of a retired judge's assignment is a *quo warranto* proceeding. It is true that the defendant cannot file a *quo warranto* proceeding, and therefore, cannot effectively challenge the trial judge's authority. However, the courts have recognized that some types of error or misconduct cannot be remedied in a defendant's criminal trial but must be remedied through other means. *House v. State*, 947 S.W.2d 251, 252–253 (Tex.Crim.App.1997)(disciplinary proceeding before the State Bar is the only method for remedying disciplinary rule violations); *Hobby v. United States*, 468 U.S. 339, 346, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984)(no remedy for criminal defendant for discrimination in selection of grand jury foreman where discrimination did not affect the composition of the grand jury and foreman's duties were only ministerial); *Arizona v. Evans*, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995)(exclusionary rule does not require suppression of fruits of arrest on warrant that had been quashed where court employees failed to notify law enforcement that warrant had been quashed).

Just such a situation is presented here. As long as the judge presiding over a case is a judge in his own right, a defendant suffers no actual harm merely because the judge is not entitled to act as a judge in that particular case. The State of Texas is the party harmed when a person acts as one of its officers without authority. A criminal defen-

1. Since appellant did not object pretrial, we could have resolved this case without addressing the question of whether an objection preserves error.

dant simply has no standing to challenge a judge's qualifications. *See Snow*, 114 S.W.2d at 901.

An official who holds office under color of title (such as an elected or retired judge) is considered to be a *de facto* official, even if all of the legal requirements for holding the office have not been met. *See Id.* The reason for conferring *de facto* status is to protect the public and individuals who have dealings with the official by ensuring that the official's acts will subsequently be recognized. *Id.* 900. Hence, "[a] judge *de facto* is a judge *de jure* as to all parties except the state, and his official acts, before he is ousted from office, are binding on third persons and the public." *Id.* at 901 (quoting 33 C.J. pp. 932 and 933).

An elected or retired judge does not preside merely for a particular defendant's case. That judge acts in a large number of cases. Parties should be entitled to rely upon the actions of the judge until such time as he vacates or is removed from office.

The holding of the majority opinion raises questions regarding related issues. A judge is sometimes involved in proceedings in which a defendant would have no opportunity to lodge an objection. For example, a judge may issue a search or arrest warrant. If traditional objection requirements were followed, a defendant could raise that objection at trial even though the trial judge then has no effective opportunity to cure the error. Law enforcement officials relying upon that judge's warrant would be blindsided as a result, and the statutory good faith exception might not prevent suppression of the fruits of the search because the judge might not be considered a "magistrate" under the exception if he is not a qualified judge. *See* Texas Code of Criminal Procedure, Articles 38.23(b)(exception applies to warrants issued by magistrates) and 2.09 (definition of magistrate).

Holding that an objection preserves a complaint in these circumstances is contrary to the entire body of civil caselaw on the subject. And, there is something odd about the idea of allowing a challenge to a judge's authority by means of an objection made to that same judge. If the court has no authority to act, then it has no authority to rule—

up or down—on the objection. So, another reason to maintain the status quo regarding *quo warranto* is that it brings the issue before a tribunal that is authorized to rule.

The *quo warranto* requirement serves a legitimate purpose: it ensures that a judge's acts will be recognized regardless of any later challenges to the judge's authority so that parties and the public will be able to rely with confidence upon judicial actions. Otherwise, "intolerable confusion would inevitably result." *Snow*, 114 S.W.2d at 901 (quoting *State v. Bednar*, 18 N.D. 484, 121 N.W. 614, 615). And the *quo warranto* requirement recognizes that only the State of Texas (or someone asserting title to the same office held by the judge) has standing to challenge a judge's authority and that such authority must be challenged in a suit filed for that purpose. With these remarks, I concur in the Court's judgment.