R97478.aa1






NUMBER 13-97-478-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


FLORENTINO LOPEZ, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.

____________________________________________________________________


OPINION ON REMAND


Before Justices Hinojosa, Yañez, and Rodriguez

Opinion by Justice Hinojosa


 Appellant, Florentino Lopez, Jr., was charged by indictment with three counts of aggravated sexual assault of a child and
one count of indecency with a child. The case was assigned to the 197th District Court of Cameron County. Appellant
pleaded not guilty and waived his right to a trial by jury. The record shows that Cameron County Court-at-Law Judge
Everardo Garcia was assigned by the presiding judge of the Fifth Administrative Judicial Region to preside over the 197th
District Court for a period beginning

February 24, 1997 and ending February 28, 1997, provided that [the period of assignment] shall continue thereafter so long
as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions
for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

 Appellant's case was originally set for February 24, 1997. On that date, the trial was reset for a later date upon appellant's
motion for continuance. On May 1, 1997, after a bench trial, Judge Garcia found appellant guilty on all counts and
assessed his punishment at forty years' imprisonment and a $10,000 fine on count one, twenty years' imprisonment on count
two, twenty years' imprisonment on count three, and ten years' imprisonment on count four. The sentences were ordered to
run concurrently. Appellant raised no objection in the trial court regarding Judge Garcia's authority to hear this case.

 Appellant appealed his conviction, asserting in a single issue that the trial court lacked the proper authority to hear and
decide his case. Appellant argued that the record did not contain an order assigning Judge Garcia, a Cameron County
Court-at-Law judge, to preside over appellant's felony trial in the 197th District Court on May 1, 1997. In an unpublished
opinion, this Court reversed appellant's conviction and remanded the case for a new trial. See Lopez v. State, No.
13-97-478-CR , 2000 Tex. App. LEXIS 5547 (Tex. App.-Corpus Christi August 17, 2000) (not designated for publication). 
Upon the State's petition for discretionary review, the court of criminal appeals vacated that decision and remanded the case
to this Court. In an unpublished opinion, the court of criminal appeals held that this Court had failed to address the issue of
whether appellant had properly preserved the issue and questioned whether our prior opinion conflicted with the holdings
in Wilson v. State, 977 S.W.2d 379 (Tex. Crim. App. 1998) and Davis v. State, 956 S.W.2d 555 (Tex. Crim. App. 1997).
Lopez v. State, No. 1810-00, slip op. at 1-2 (Tex. Crim. App. Feb 21, 2001) (not designated for publication). On remand,
appellant has raised five issues.

A. Has Appellant Preserved the Jurisdictional Issue?

 It is undisputed that appellant failed to make any objection in the trial court concerning Judge Garcia's authority to hear
this case. Is he, therefore, precluded from raising this issue for the first time on appeal?

 Strictly speaking, jurisdiction encompasses only the power of the tribunal over the subject matter and the person. Davis,
956 S.W.2d at 558. However, a judgment is not immune from jurisdictional challenge simply because an indictment has
been returned and a court has jurisdiction over the case; the judge must also have authority to preside over the case. Id.;
Johnson v. State, 869 S.W.2d 347, 349 n.5 (Tex. Crim. App. 1994). A judge's disqualification arising from a constitutional
or statutory provision "affects jurisdiction" and renders the proceeding a nullity. Davis, 956 S.W.2d at 558; Lee v. State,
555 S.W.2d 121, 124 (Tex. Crim. App. 1977). A conviction is void if the judge was constitutionally or statutorily
disqualified, or lacks qualification. See Tex. Const. art. V, § 11; Ex parte Vivier, 699 S.W.2d 862, 863-64 (Tex. Crim.
App. 1985); Ex parte Washington, 442 S.W.2d 391, 392-93 (Tex. Crim. App. 1969) (a judge is constitutionally disqualified
if he is related to a party, or if he prosecuted the same case before); see also Tex. Const. Art. XVI, § 1; French v. State, 572
S.W.2d 934, 939 (Tex. Crim. App. 1978) (op. on second motion for reh'g) (judge's actions were void because he had not
yet taken constitutional oath of office).

 On the other hand, errors involving the violation of a statutory procedure do not render a judgment void for jurisdictional
reasons. Davis, 956 S.W.2d at 559. InDavis, the district court judge did not sign an order referring Davis's case to a
magistrate until two days after he pleaded guilty before the magistrate. Id. at 556. The court of criminal appeals held that
because "neither the subject matter or personal jurisdiction of the district court, nor the authority of its judge, nor the
magistrate's qualification to hold the position of magistrate have been questioned," and the district court was authorized by
statute to refer the case to the magistrate and purported to do so when it signed the referral order, jurisdiction was not
affected; therefore, the order placing Davis on probation was not void. Id. at 560. The court further held that Davis's
failure to object at trial precluded appellate review. Id. 

 In Miller v. State, 866 S.W.2d 243 (Tex. Crim. App. 1993), the appellant claimed the procedures for appointing a special
judge for his case were not followed, but he did not object at trial. Id. at 243. The court of criminal appeals held that
Miller's attack was directed at the procedure in which the special judge was appointed, not to the subject matter jurisdiction
of the court itself, and was, therefore, not a claim that the special judge was disqualified as a matter of law from serving as
a judge. Id. at 245-46. Therefore, the court concluded, the conviction was voidable, not void, and required an objection at
trial in order to preserve the complaint for appellate review.Id.

 In Wilson, 977 S.W.2d at 379, the court of criminal appeals addressed a situation very similar to that of the instant case. A
retired district judge was appointed to a district court in Harris County for a five-week period. Id. Wilson's jury trial began
three days after the expiration of the assignment period, but Wilson did not object at trial. Id. Instead, he brought up the
matter for the first time on appeal. Id. After overruling prior case law requiring a defendant to utilize a quo warranto
proceeding to challenge the authority of a trial judge, the court of criminal appeals asked:

[h]ow, then, may a defendant challenge the authority of a judge, who is otherwise qualified, to preside pursuant to an
expired assignment? We hold that such a defendant, if he chooses, may object pretrial; if he does not, he may not object
later or for the first time on appeal. This holding is consistent with our prior holding that, in general, all but the most
fundamental evidentiary and procedural rules (or "rights") are forfeited if not asserted at or before trial. . . . A timely
objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate
opportunity to take appropriate corrective action.

Id. (citations omitted).

 Like the retired judge in Wilson, a statutory county judge may be assigned to sit in another court by the presiding judge of
the administrative region in which the assigned judge resides. Tex. Gov't Code Ann. § 74.054(a)(1) (Vernon 1998 & Supp.
2001). The only statutory limitation on this provision, which is not at issue here, is that a statutory county court judge may
not be assigned to hear a matter pending in a district court outside the county of the judge's residence. Tex. Gov't Code
Ann. § 74.054(b) (Vernon 1998 & Supp. 2001). As in Wilson, appellant does not argue that Judge Garcia was
constitutionally or statutorily unqualified or disqualified from sitting. He argues only that the record does not definitively
show that Judge Garcia was assigned to hear cases in the 197th District Court on the date of his trial. In accordance with
Davis, Wilson, and Miller, we hold that appellant's failure to complain to Judge Garcia that his assignment had expired
caused appellant to forfeit his right to challenge on appeal the judge's authority to preside over his trial.

 Appellant also argues that the lack of a proper assignment order constitutes fundamental error that does not have to be
preserved for appellate review by an objection at trial. However, we conclude the holdings of Davis, Wilson, and
Millereffectively negate this argument. We overrule appellant's first, second, third and fourth issues on remand.

B. On Remand, May Appellant Raise a New Issue?


 Appellant also asserts, for the first time on remand, that the evidence is factually insufficient to support his convictions. 
This Court has previously held that the only issues that may be raised on remand are "those issues raised as a result of the
opinion by the court of criminal appeals, its application on remand, and any subsequent authorities on the issues that had
previously been presented." Sanders v. State, 963 S.W.2d 184, 186 (Tex. App.-Corpus Christi 1998, pet. ref'd).

 Because the issue of factual sufficiency was not raised in appellant's original appeal to this Court, we hold it has been
waived. Accordingly, we overrule appellant's fifth issue on remand.

 The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

4th day of October, 2001.