Opinion issued May 20, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00562-CR

———————————

Pedro Martinez, Jr., Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 178th District Court

Harris County, Texas



Trial Court Case No. 1216708

 



MEMORANDUM OPINION

A jury
found Pedro Martinez, Jr., guilty of failure to comply with sex offender
registration requirements, a third degree felony, and found true that Martinez
had a prior felony conviction for attempted murder.  The trial court assessed punishment at
seventeen years’ imprisonment.  On
appeal, Martinez contends that (1) the judgment against him is void because the
assignment order did not confer on the trial judge the authority to preside over
his case, and (2) the trial court erred in denying his request to remove his
appointed attorney and appoint him new counsel. 
Finding that Martinez waived his first contention and that the trial
court did not err in denying Martinez’s request for new counsel, we affirm.

Background

          In
1986, Martinez was convicted of aggravated sexual assault of a child and
incarcerated.  In May 2006, the State
released Martinez on the condition that he register as a sex offender in
accordance with chapter 62 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. arts. 62.001–62.408 (Vernon 2007 & Supp. 2009).   The
registration rules required Martinez to notify the registration authority
within seven days of an address change and re-register each year within thirty
days of his birth date.  See Tex.
Code Crim. Proc. Ann. art.
62.058.  After Martinez failed to
re-register in 2007, law enforcement apprehended him and charged him with
failure to comply with the sex offender registration requirements.

          Just
before jury selection, Martinez learned that a visiting judge, sitting by
assignment, would preside over his trial. 
Martinez prepared and filed a motion “request[ing] that Judge Mendoza [the
judge elected to that court] preside over this trial.  There is a visiting Judge on the bench [at] this
time and the Defendant requests that he be re[cused].”  The visiting judge denied the motion and
referred the matter to the presiding judge. 
The presiding judge “reviewed the motion and [] concluded that it does
not state legally sufficient grounds for disqualification or recusal.  The motion fails as a matter of law and
therefore no hearing is necessary.”  The
visiting judge informed the parties of the presiding judge’s conclusion, and
Martinez made no further objection.  

          Next,
the trial court took up the issue of Martinez’s legal representation.  Martinez told the court, “I would like to if
possible get another lawyer, but if not I would be—I would represent myself on the grounds that
[my current appointed attorney] . . . seems biased against me in this case
because of my past and I’m on parole and why [I] . . . have to register.”  When asked for an example of why he thought
defense counsel was biased, Martinez explained: 

Because earlier he told me that when we pick
the jurors that all of them have children and all of this, you know, and
they’re going to, you know—I said, listen, I’m trying to fight this case
here, okay?  I want us to try and get
into some—some method to attack[] that even if it’s a technicality.

The trial court responded by engaging Martinez in a
colloquy concerning the consequences of declining representation by his
appointed counsel and proceeding pro se. 
During the colloquy, the trial court repeatedly encouraged Martinez to
continue with appointed counsel, suggesting that it would be a better strategy
“to allow Mr. Scott to represent you, and if you’re unhappy with the outcome,
seek a reversal on the ground of ineffective assistance rather than go to trial
and represent yourself.”  Martinez
indicated that he would prefer to handle his own case.  The trial court found that 

Mr. Martinez has expressed a desire to
represent himself, that his waiver of counsel is made knowingly, intelligently,
and without threat or promise of benefit; therefore, it’s without coercion;
that he has been informed of his right to counsel. . . .  [T]he Court has inquired about Mr. Martinez’
age and his background, education, and experience.  Mr. Martinez has been made aware of the
general nature of the offense, the technical rules of evidence and procedure,
and the fact that he will not be given special consideration . . . .

The trial court then allowed Martinez to represent
himself and reassigned the appointed attorney to serve as standby counsel.  Following the trial court’s entry of judgment
on the jury’s finding of guilt, Martinez timely appealed.

Discussion

Denial of motion to recuse trial
judge

          Martinez
first contends that the trial court lacked authority to preside over his case
and sign the judgment because no valid order assigning the visiting judge to
the trial court bench existed at the time of Martinez’s trial and
sentencing.  A defendant may object to an
otherwise qualified trial judge who is presiding pursuant to a defective assignment.  Wilson
v. State, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998).  But the defendant must raise this purely
procedural objection pretrial; “if he does not, he may not object later or for
the first time on appeal.”  Id. 
“A timely objection in the trial court will afford both the trial judge
and the State notice of the procedural irregularity and an adequate opportunity
to take appropriate corrective action.”  Id. at 380–81.

Before trial, Martinez identified
the trial judge’s visiting status as the sole basis for his objection.[1]  This objection does not encompass the
procedural irregularity he now complains of on appeal.  We hold that Martinez’s appellate issue is
not preserved because the basis for his objection in the trial court fails to
comport with his argument on appeal.  See Barnes v. State, 876 S.W.2d 316, 325
(Tex. Crim. App. 1994); see also Johnson v. State, 263 S.W.3d 287, 289
(Tex. App.—Houston
[1st Dist.] 2007, pet. dism’d) (“An objection stating one legal theory may not
be used to support a different legal theory on appeal.”).

Denial of motion to appoint new
counsel

In his second issue, Martinez
contends that the trial court’s denial of his motion to discharge his appointed
lawyer and to appoint a new lawyer violates his constitutional right to counsel,
claiming that his ultimate decision to proceed pro se instead of continuing
with the first-appointed lawyer was not voluntary.  

Both the United States and Texas Constitutions
guarantee the right to counsel in criminal cases and contemplate the right to obtain
paid, non-appointed counsel of the defendant’s choosing.  United
States v. Gonzalez-Lopez, 548 U.S. 140, 151–52, 126 S. Ct. 2557, 2565–66
(2006); Gonzalez v. State, 117 S.W.3d
831, 836–37 (Tex. Crim. App. 2003).  

The Texas Code of Criminal Procedure
authorizes the replacement of appointed counsel for
good cause.  See Tex. Code Crim. Proc. Ann. art.
26.04(j)(2) (Vernon 2009).  The trial
court retains the discretion to determine whether good cause requires
replacement and “is under no duty to search for a counsel until
an attorney is found who is agreeable to the accused.”  Solis v. State,
792 S.W.2d 95, 100 (Tex. Crim. App. 1990); see
King v. State, 28 S.W.3d 556, 566 (Tex. Crim. App. 2000); Trammell v.
State, 287 S.W.3d 336, 343 (Tex. App.—Fort
Worth 2009, no pet.) (“Texas courts have specifically held that an indigent
defendant does not have a right to the counsel of his own choosing.”); Maes v. State, 275
S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.) (“A defendant does not have
the right to choose appointed counsel, and unless he waives his right to counsel and chooses to represent himself,
or shows adequate reasons for the appointment of new counsel,
he must accept court-appointed counsel.”).


The record reflects that the trial
court did not agree with Martinez’s characterization of his attorney’s comments
as demonstrating bias against Martinez; rather, the trial court viewed the
reported comments as a frank assessment of the advantages and disadvantages of
potential strategies available in Martinez’s case.  We defer to the trial court’s first-hand evaluation
of Martinez’s complaints and therefore hold that the trial court did not abuse
its discretion in denying Martinez’s motion for new appointed counsel.

Conclusion

          We
hold that Martinez waived his complaint concerning the validity of the judgment
and that the trial court did not abuse its discretion in declining to appoint
another attorney to represent Martinez and allowing Martinez to represent
himself in the trial court.  We therefore
affirm the judgment of the trial court.

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Hanks, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
  The Court Administration Act, set forth at
chapter 74 of the Texas Government Code, defines the criteria and limitations
for assignment of visiting judges.  Tex. Gov’t Code Ann. §§ 
74.052–74.060 (Vernon 2005 & Supp. 2009).  Among other grounds for disqualification and
recusal, chapter 74 provides that “[i]f a party to a civil case files a timely
objection to the assignment, the judge shall not hear the case.”  Tex.
Gov’t Code Ann. §§  74.053(b) (Vernon 2005).  No comparable provision, however, exists for criminal
cases.