COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN ALEXANDER LOPEZ, | § | No. 08-10-00112-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | Criminal District Court No. 4 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1150714D) |
| | § | |
| | § | |

**O P I N I O N**

John Lopez appeals his conviction for possession with intent to deliver methamphetamine, a controlled substance, between four and two-hundred grams. Both phases of trial were tried to the court, and Appellant was sentenced to 5 years' imprisonment. On appeal, he raises two issues in which he contends the trial court violated the requirements of Articles 1.13 and 1.15 of the Texas Code of Criminal Procedure by conducting a non-jury trial. Affirmed.

Appellant was indicted on March 27, 2009, for two counts of possession of methamphetamine with the intent to deliver, more than four grams, but less than two hundred grams. Initially, the Honorable Judge Mike Thomas, of Tarrant County's Criminal District Court Number Four, presided over the case. On April 30, 2009, Judge Thomas acknowledged the State's plea bargain offer, which recommended a sentence of eight years' imprisonment in exchange for Appellant's guilty plea.

On January 5, 2010, the Honorable Judge Phillip Vick, Senior District Judge of the 158th Judicial District Court, presiding in Criminal District Court Number Four, approved Appellant's open guilty plea to Count I of the indictment. In the plea, Appellant acknowledged that he was pleading guilty to a first degree felony, and that the sentencing range was five and ninety-nine years. Appellant judicially confessed to the offense charged in Count I, waived his right to a trial by jury, and consented to written stipulations of evidence. Judge Vick accepted the plea but postponed making a finding of guilt until sentencing. Two days later, On January 7, 2010, the presiding judge of the 8th Administrative Judicial Region of Texas signed an Order of Assignment, assigning Judge Vick to Criminal District Court Number Four for a period of five days, beginning January 11, 2010.

On March 12, 2010, Judge Thomas signed a Certificate of Proceedings indicating that Appellant had previously entered a guilty plea in open court, and adjudicated Appellant guilty of count one of the indictment. Appellant was sentenced to five years imprisonment by the trial judge.

In two issues, Appellant challenges his conviction on the basis that Judge Vick did not have the authority to accept Appellant's jury trial waiver as the judge's appointment to Criminal Court Number Four did not begin until after Appellant signed the plea. Based on his conclusion that Judge Vick did not have the authority to accept his waiver, Appellant concludes Judge Thomas conducted a bench trial in violation of Article 1.15 of the Texas Code of Criminal Procedure.[1]

---

[1] Texas Code of Criminal Procedure Article 1.13 provides that a criminal defendant, in non-captial felony cases, has the right to waive his right to trial by jury if upon entering his plea the defendant personally, in writing, in open court, and be approved by the trial court. *See*

Appellant's theory of the case is premised on his conclusion that on January 5, 2010, Judge Vick did not have authority to accept his jury trial waiver pursuant to Article 1.13 of the Texas Code of Criminal Procedure, because his assignment to the court was not effective until several days later. Appellant does not challenge the procedure by which he waived his right to a jury trial, nor does he argue that Judge Vick was not legally qualified to preside over the case. His argument is limited to the dates of Judge Vick's assignment, as they relate to the date Appellant signed his plea. Appellant raises this argument for the first time on appeal.

As the Court of Criminal Appeals has made clear, "all but the most fundamental evidentiary and procedural rules (or 'rights') are forfeited if not asserted at or before trial." *Davis v. State*, 227 S.W.3d 733, 736 (Tex.Crim.App. 2007), *quoting Wilson v. State*, 977 S.W.2d 379, 380 (Tex.Crim.App. 1998). While a challenge to a trial judge's legal qualifications may be raised for the first time on appeal, an objection to a procedural irregularity in the assignment of an otherwise qualified judge must be preserved through the usual mechanism. *See Wilson*, 977 S.W.2d at 380 (abrogating the requirement that a defendant raise such a challenge through a quo warranto proceeding). Preservation of a complaint for appellate purposes generally requires that the Appellant demonstrate that a timely and specific complaint was made to the trial court, and that the court entered a ruling. *See* TEX.R.APP.P. 33.1(a).

Appellant's brief fails to cite to any passage in the record where he objected to Judge Vick presiding over the plea proceedings, and we have been unable to locate the same in our

---

TEX.CODE CRIM.PROC.ANN. art. 1.13(a)(Vernon 2005). Similarly, Article 1.15 provides that no defendant shall be convicted of a felony except "upon the verdict of a jury" unless the defendant has entered into a knowing and proper waiver except as prescribed by the preceding sections. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 2005).

review of the proceedings. Because Appellant failed to object in the trial court, the argument he now attempts to raise on regular appeal is waived. *See Wilson*, 977 S.W.2d at 380-81. As this is the only argument challenging the validity of Appellant's waiver under Article 1.13, the waiver will stand, and Issue One is overruled.

Furthermore, having determined that Appellant's argument regarding Judge Vick's authority to accept his waiver has been waived, there is no basis for Appellant's argument that Judge Thomas conducted a bench trial, and adjudicated Appellant guilty in violation of Article 1.15. As this is the only basis on which Appellant challenges Judge Thomas's guilty finding, Issue Two is also overruled.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.


January 26, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)