In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00606-CR
_____

**BRIAN JOSEPH SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-03-02808 CR**
_____

**MEMORANDUM OPINION**

Arguing that he did not receive a *Miranda*[1] warning before he made incriminating statements to the police, Brian Joseph Smith appeals his conviction for possessing or transporting chemicals that are used to manufacture methamphetamine.[2] Smith also contends that when the trial commenced, the judge

_____

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[2]*See* Tex. Health & Safety Code Ann. § 481.124 (West 2010).

1

who presided at his trial—a retired district judge—had not received the required appointment needed to authorize him to preside over Smith's trial. We conclude that Smith failed to properly preserve his issues for review on appeal. We affirm the trial court's judgment.

## Unwarned Statements

In his first issue, Smith argues the trial court erroneously admitted several unwarned oral statements that he made to the police while the police searched his car. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (requiring that a suspect be warned prior to being subjected to a custodial interrogation). Based on the argument that the jury was improperly allowed to consider Smith's unwarned statements in reaching a verdict, Smith contends that he is entitled to receive a new trial.

The record in the trial court reflects that after stopping Smith for a traffic violation, noticing the smell of marijuana coming from Smith's car, requesting another officer to assist based on the assumption that drugs were in Smith's car, and citing Smith for failing to come to a complete stop at a stop sign, Officer Thomas Bostwick asked Smith "if he had anything illegal in the vehicle." When Smith admitted that he had a "joint" in the car, Officer Bostwick asked Smith to

get out of the car, searched him, and placed him in handcuffs. Officer Bostwick then searched Smith's car for marijuana.

During the search of Smith's car, Officer Bostwick placed various items found in his search on the car's trunk. Officer Bostwick testified that he believed the items he placed on the trunk were used to make methamphetamine. In the course of the search, and in response to one of Officer Bostwick's questions, Smith denied that he had any methamphetamine in his car. In explanation of the items Officer Bostwick found in searching his car, Smith told the officers present during the stop that he was "being paid to collect the pseudoephedrine[,] and that he knew his friend was going to cook methamphetamine with it[.]"

Smith filed a pre-trial motion to suppress, but Smith did not claim that all of the statements he made to police during the search should be suppressed because he was not given a *Miranda* warning. Instead, Smith's motion to suppress asserts that the police did not have probable cause to stop his car because he came to a complete stop at the stop sign. Smith's pre-trial motion also asserts that Officer Bostwick's "initial question to [Smith] of whether there was anything inside the vehicle was inculpatory in nature and therefore [*Miranda*] Warnings should have been given by the Officer prior to the question." The trial court did not rule on Smith's motion prior to trial.

On the day Smith's trial began, before voir dire, the trial court asked the parties if anything else needed to be resolved; Smith's counsel replied, "No, Your Honor[,]" and informed the trial court that his Motion to Suppress would be carried "along with the jury trial." The court asked Smith's counsel to notify the court "when all of that comes up so we can send the jury out[.]" Smith's counsel also advised the court that the videotape was not long, and that "[i]t's just a question of the stop."

During the trial, and before Smith asked the trial court to rule on his motion to suppress, Officer Bostwick testified about the stop and about the items he found in Smith's car during the search. Photographs depicting all of the items seized during the search were admitted before Smith asked for a ruling on his motion to suppress. When the State asked the trial court to admit the videotape of the stop into evidence, subject to the parties' agreed redactions, Smith offered no objection.

Just before the jury saw the videotape, Smith asked the trial court to hear his motion to suppress. Noting that all of the evidence had already been admitted, and that Smith's motion was not timely, the trial court ruled that the objections in Smith's motion to suppress had been waived. Smith made a bill of exception, addressing only whether Officer Bostwick had probable cause when he stopped Smith's car. During the hearing on Smith's bill, the trial court viewed the video,

4

without sound, to address Smith's claim that he did not run the stop sign. Additionally, during his bill, Smith's counsel questioned Officer Bostwick about the videotape; however, all the questions asked by Smith's counsel during the hearing on the bill concerned why Officer Bostwick decided to stop Smith's car.

On appeal, Smith contends that he should have received a *Miranda* warning before being asked about the items that Officer Bostwick removed from his car. However, the testimony about the statements that Smith made after he was stopped were all admitted during Smith's trial without objection. During trial, Smith never objected that the statements he made to the police during the search were inadmissible; instead, his objection addressed whether police had probable cause to stop Smith's car.

We conclude that Smith's complaints about the trial court's decision to admit testimony regarding his statements that he made to the police after he was stopped were not timely presented to the trial court. We hold that Smith's complaints about the admission of his statements to the police were not properly preserved for our review on appeal. *See* Tex. R. App. P. 33.1(a).

Authority of Visiting Judge

In his second issue, Smith argues that the order assigning a visiting judge to preside over his trial was not signed by the presiding administrative judge before

5

his trial commenced. Smith concludes that without an order appointing a visiting judge in place before the trial commenced, the visiting judge had no authority to preside over his trial. The State contends that an earlier unrelated appointment of the visiting judge to the 410th District Court extended the visiting judge's authority to act in Smith's case. The orders appointing the visiting judge that are discussed by the parties in their briefs are not included in the appellate record. Nevertheless, the parties do not dispute that one of the orders authorized the visiting judge to preside over the 410th Judicial District beginning the day after the date that Smith's trial commenced.

The record does not show that Smith objected to the presiding visiting judge before the trial commenced. Instead, the record shows that Smith first objected that the visiting judge was acting without authority during the punishment phase of the trial. When Smith objected, Smith's counsel specifically stated that Smith did not object to the visiting judge's qualifications and that he was not claiming that the visiting judge had not taken the required oath. Thus, in objecting to the visiting judge, Smith did not argue that the visiting judge was constitutionally or statutorily either unqualified or disqualified from presiding over his trial. Instead, Smith's complaint concerns a procedural irregularity regarding the dates of the visiting judge's appointment. Also, Smith's counsel acknowledged that, before the trial

6

began, he knew that a visiting judge would be presiding over Smith's trial and that he had not investigated whether an order assigning a visiting judge was in place on the date the trial started. The trial court overruled Smith's objection. In overruling the objection, the trial court stated that the objection "was not timely made[.]"

A complaint about a procedural irregularity in a visiting judge's appointment is subject to the doctrine of waiver. *See Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998) (holding that the procedural irregularity that occurred when a visiting judge presided over a trial after his appointment ended was required to be raised before trial). In *Wilson*, the Court of Criminal Appeals stated that challenging an otherwise qualified judge due to a procedural irregularity requires the defendant to lodge an objection before trial; "if he does not, he may not object later or for the first time on appeal." *Id.*

The record shows that Smith knew that the visiting judge would be presiding over his case and that he did not object that an order memorializing the assignment did not appear of record when the trial commenced. We hold that by failing to object before trial commenced about the procedural irregularity concerning the date of the visiting judge's appointment, Smith failed to preserve his complaint for our review on appeal. *See* Tex. R. App. 33.1; *see also Wilson*, 977 S.W.2d at 380. We overrule Smith's second issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 7, 2013
Opinion Delivered September 4, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ