

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00371-CR

**ROBERT GONZALES RODRIGUEZ,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 14-04368-CRF-85

---

## MEMORANDUM OPINION

---

In two issues, appellant, Robert Gonzales Rodriguez, challenges his conviction for

failure to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. § 62.102 (West

Supp. 2016).[1] Specifically, appellant complains that: (1) his underlying 1999 conviction

---

[1] The judgment of conviction indicates that the operative statutory provision in this case is section
62.102 of the Penal Code, which does not exist. Rather, the operative statutory provision for failing to
report as a sex offender is article 62.102 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC.
ANN. art. 62.102 (West Supp. 2016). Because a court of appeals has authority to correct and reform a
judgment to make the record speak the truth when it has information to do so, we modify the trial court's
judgment to reflect that the statute for the offense is article 62.102 of the Code of Criminal Procedure. *See*

for sexual assault of a child is void because the trial judge failed to file her oath of office with the Texas Secretary of State, thus depriving the trial court of jurisdiction in this case; and (2) the evidence is insufficient to support his conviction. We affirm as modified.

## I.   APPELLANT'S UNDERLYING CONVICTION

In his first issue, appellant argues that the trial court lacked jurisdiction over the instant case because his underlying conviction is void due to the senior visiting judge who presided over the prior case allegedly failing to file her oath of office.

Prior to trial, appellant filed a motion to quash the indictment in this case, alleging that: "No offense was committed by the defendant because the underlying reportable offense is based on a void conviction for Sexual Assault of a Child." Appellant alleged that the senior visiting judge assigned to the sexual-assault-of-a-child case did not swear the required oaths following her assignment to the case.

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Therefore, we review de novo a trial court's ruling on a motion to quash an indictment. *Id.* A trial court must decide the merits of a motion to quash an indictment from the four corners of the indictment, not from evidence outside the indictment. *See State v. Rosenbaum*, 910 S.W.2d 934, 947-48 (Tex. Crim. App. 1994) (op. on reh'g); *see also Soria v. State*, No. 14-02-00749-CR, 2003 Tex. App. LEXIS 5851, at *3 (Tex.

---

TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *see also* TEX. CODE CRIM. PROC. ANN. art. 62.102.

App.—Houston [14th Dist.] July 10, 2003, no pet.) (mem. op., not designated for publication). "An indictment 'can neither be supported nor defeated as such by what evidence is introduced at trial.'" *Soria*, 2003 Tex. App. LEXIS 5851, at *3 (quoting *Rosenbaum*, 910 S.W.2d at 948).

Here, appellant's motion to quash required the determination of an issue outside the four corners of the indictment in this case—namely, whether appellant's conviction in the sexual-assault-of-a-child case was void. Because of this, we cannot say that the trial court erred in overruling the motion to quash. *See Moff*, 154 S.W.3d at 601.

Additionally, we emphasize that appellant has not demonstrated that he timely objected to the authority of the senior visiting judge who presided over his prior case during the prior case. Rather, he first lodged this complaint in this case, which is an entirely different criminal action. In *Wilson v. State*, the Court of Criminal Appeals noted the following:

> The Fourteenth Court of Appeals affirmed appellant's conviction without reaching the merits of his argument concerning Judge Burdette:
>
> > It is well settled that the proper method to challenge the authority of the trial judge is to bring a direct action through a quo warranto proceeding rather than by collateral attack on appeal. Appellant concedes that prior to trial he failed to object to, or otherwise challenge, Burdette's authority to act as the presiding judge. By failing to object in a proper and timely manner, appellant has waived his right to complain about the validity of the judge's assignment.
>
> *Wilson v. State*, 944 S.W.2d 444, 445 (Tex. App.—Houston [14th Dist.] 1997) (citations omitted).

. . . .

As the Court of Appeals noted, under our precedents, an appellant may not object, for the first time on appeal, to a procedural irregularity in the assignment of a former judge who is otherwise qualified. Rather, a defendant "must bring a direct action through a quo warranto proceeding." *Keen v. State*, 626 S.W.2d 309, 311-12 (Tex. Crim. App. 1981); *Archer v. State*, 607 S.W.2d 539, 543-44 (Tex. Crim. App. 1980). It is clear to us now, however, that the rule of *Keen* and *Archer* must be abandoned as unworkable.

. . . .

How, then, may a defendant challenge the authority of a trial judge, who is otherwise qualified, to preside pursuant to an expired assignment? We hold that such a defendant, if he chooses, may object pretrial; if he does not, he may not object later or for the first time on appeal.

This holding is consistent with our prior holding that, in general, all but the most fundamental evidentiary and procedural rules (or "rights") are forfeited if not asserted at or before trial. *See Marin v. State*, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993). A timely objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate corrective action. *See Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).

977 S.W.2d 379, 380-81 (Tex. Crim. App. 1998).

By failing to object in a proper and timely manner, appellant has waived his right to complain about this issue. *See id.* Therefore, based on the foregoing, we overrule appellant's first issue.

## II.    SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant contends that his conviction is not supported by sufficient evidence because his underlying conviction for sexual assault of a child is void

due to the senior visiting judge's purported lack of authority to preside over the prior case. In other words, appellant's second issue is premised on his first issue—an issue that we have rejected earlier. Accordingly, we overrule appellant's second issue.

## III.  CONCLUSION

Because the trial court's judgment references the wrong statute for the charged offense, we modify the judgment to show that the statute corresponding with the charged offense in this case is article 62.102 of the Code of Criminal Procedure. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *see also* TEX. CODE CRIM. PROC. ANN. art. 62.102. We affirm the trial court's judgment in all other respects.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 21, 2016
Do not publish
[CR25]

