# NO. 12-16-00132-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DESMOND JEREL VEAL,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Desmond Veal appeals his conviction for unlawful possession of a firearm by a felon.  In two issues, Appellant argues that the trial court erred in denying his motion for directed verdict, and challenges the legal sufficiency of the evidence to support the conviction.  We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of unlawful possession of a firearm by a felon, a third degree felony.  Appellant pleaded "not guilty," and the case proceeded to trial.  At the conclusion of the trial, the jury found Appellant guilty of unlawful possession of a firearm by a felon as charged in the indictment, and assessed Appellant's punishment at eight years of imprisonment.  This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues the trial court erred by denying his motion for directed verdict on the grounds that the State failed to prove that his prior offense under Georgia law is a felony conviction.  In his second issue, Appellant contends that the evidence is legally insufficient to support the jury's verdict.  We will consider these issues together.

**Standard of Review**

A challenge to the trial court's ruling on a motion for a directed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

**Applicable Law**

A person who has been convicted of a felony commits an offense if he possesses a firearm (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by subdivision (1), at any location other than the premises at which the person lives. TEX. PENAL CODE ANN. § 46.04(a) (West 2011). For the purposes of section 46.04(a), an offense under the laws of this state, another state, or the United States is a felony if, at the time it is committed, the offense (1) is designated by a law of this state as a felony; (2) contains all the elements of an offense designated by a law of this state as a felony; or (3) is punishable by

confinement for one year or more in a penitentiary. *Id*. § 46.04(f). An offense is not considered a felony for purposes of subsection (f) if, at the time the person possesses a firearm, the offense (1) is not designated by a law of this state as a felony; and (2) does not contain all the elements of any offense designated by a law of this state as a felony. *Id*. § 46.04(g).

According to the State of Georgia, a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving her of a member of her body, by rendering a member of her body useless, or by seriously disfiguring her body or a member thereof. GA. CODE ANN. § 16-5-24(a) (West 2017). A person convicted of the offense of aggravated battery shall be punished by imprisonment for not less than one nor more than twenty years. *Id.* § 16-5-24(b). In Texas, a person commits an offense, aggravated assault, if the person commits assault and the person causes serious bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.02(a) (West 2011). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(46) (West Supp. 2017). An offense under section 22.02 of the Texas Penal Code is a second degree felony. *Id.* § 22.02(b).

A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (West 2011). Possession is a voluntary act "if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). The State can meet its burden with direct or circumstantial evidence, but it must establish that the defendant's connection with the firearm was more than fortuitous. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

When the firearm is not found on the accused's person or is not in the accused's exclusive possession, additional facts must affirmatively link the accused to the firearm. *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd). In other words, a defendant's connection with the firearm must be more than just fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Factors that may establish affirmative links include the following:

- whether the firearm was in a car driven by the accused;
- whether the firearm was in a place owned by the accused;

3

- whether the firearm was conveniently accessible to the accused;

- whether the accused was in close proximity and had ready access to the firearm;

- whether the firearm was found in an enclosed space;

- whether the accused made any affirmative statement connecting him to the firearm;

- whether the accused's conduct indicated a consciousness of guilt, including extreme nervousness or furtive gestures; and

- whether the accused attempted to flee.

*Williams v. State*, 313 S.W.3d 393, 397-98 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Corpus v. State*, 30 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The evidence used to satisfy these elements can be either direct or circumstantial. *Brown*, 911 S.W.2d at 747; *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Evans*, 202 S.W.3d at 162; *James*, 264 S.W.3d at 219; *Hawkins*, 89 S.W.3d at 677.

## Analysis

In his first issue, Appellant argues that the trial court erred in denying his motion for directed verdict because the State failed to prove that he had a previous felony conviction. At trial, the State introduced exhibits showing that Appellant was arrested for the offense of "aggravated battery—family offense, a felony" on February 21, 2003, in Irwinton, Georgia. The grand jury indictment showed that Appellant "unlawfully and maliciously cause[d] bodily harm to the person of Felicia Brannon by seriously disfiguring her body by biting her lip." According to the exhibit admitted at trial, Appellant pleaded guilty to the offense, was found guilty, and sentenced to five years of probation. Moreover, on the document entitled "general conditions of probation," the sentence is marked as a "felony sentence."

As noted above, aggravated battery in the State of Georgia is punished by imprisonment for not less than one year. *See* GA. CODE ANN. § 16-5-24(b). In Texas, aggravated assault is a second degree felony and is characterized by causing serious bodily injury to another person, including serious permanent disfigurement. *See* TEX. PENAL CODE ANN. § 22.02(a), (b). Part of the grand jury indictment stated that Appellant "seriously disfigured" the body of his victim,

4

similar to the State of Texas's definition of serious bodily injury in aggravated assault. *See id.* From this evidence, the jury could have determined that the offense of aggravated battery in the State of Georgia was designated by the law of this state as a felony, contains all the elements of an offense designated by a law of this state as a felony, i.e., aggravated assault, and was punishable by confinement for one year or more in a penitentiary. *See id.* § 46.04(f).[1] We overrule Appellant's first issue.

In his second issue, Appellant argued that the evidence was legally insufficient to support his conviction. At trial, the evidence showed that two officers with the Tyler Police Department traveled to the Twelve Oaks Motel in Tyler, Texas following a tip regarding two female juveniles involved in prostitution being concealed in hotel rooms with an adult. The officers contacted the manager, proceeded to two hotel rooms where motel management believed the juveniles might be located, and called in another unit. Officer Troy Osborne knocked on the door of room 108 and Appellant opened the door. Appellant "immediately" slammed the door in the officers' face before they could contact him. Approximately thirty-seven seconds later, Appellant opened the door again and acted "real cordial," as if nothing had previously happened. Officer Timothy Hutson asked Appellant to sit on the ground, cross his ankles with his feet in front of him, and keep his hands in his lap. Hutson noted that once the door of the motel room was opened, he immediately observed a "very strong odor of marijuana" emitting from inside the room. According to Hutson, Appellant admitted he shut the door in the officers' faces to give him time to flush marijuana down the toilet. According to another officer, Appellant stated that he was masturbating in the bed when officers knocked on the door of the motel room.

Appellant gave Hutson permission to search the motel room. Hutson stated that just behind the entry door of the motel room was a desk or table attached to the wall. It had several articles of clothing on it including a towel and plastic bags. The towel, described as a white towel found in most motel rooms, was "kind of draped over" and "partially hanging off of the table." Hutson picked up the towel and "immediately underneath," found an unloaded, black handgun. He placed Appellant in hand restraints. According to Hutson, Appellant was the only occupant of the room at that time.

---

[1] Pursuant to Texas Rule of Evidence 202(e), the court—not the jury—must determine the law of another state, territory, or federal jurisdiction. *See* TEX. R. EVID. 202(e). However, the State noted that the prosecution did not raise this issue during the charge conference and that evidentiary rules are generally forfeited if not asserted at or before trial. *See* **Wilson v. State**, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998). Moreover, Appellant did not raise this issue on appeal.

The manager of Twelve Oaks Motel testified that on November 10, 2015, she rented room 108 to Tasha McQuigg. McQuigg testified that on November 10, 2015, she purchased a firearm for protection. On that same day, she rented a room at the Twelve Oaks Motel. She planned to meet her cousin, Matthew Duncan, at the motel. According to McQuigg, Duncan arrived at the motel room with Appellant whom she had never met. She brought her newly purchased handgun to the motel, and stated that it was in its case. She did not believe that Appellant saw the firearm, she did not talk about it with him, and Duncan and Appellant did not handle or look at the firearm in her presence. At some point, she left the motel room with Duncan and they went to her house. McQuigg left the handgun in its case in the motel room, and believed she put it at the end of the counter by the wall of the motel room. At one point, McQuigg stated that she may have left the handgun under a mattress in the motel room. She also testified that she did not recall ever removing the handgun from the case.

The evidence shows that the firearm was not on Appellant's person and that it was not in his exclusive possession. *See Jones*, 963 S.W.2d at 830. However, his connection with the firearm discovered in the motel room was more than just fortuitous. *See Evans*, 202 S.W.3d at 161-62. The evidence shows that the firearm was conveniently accessible to Appellant because it was found under a towel on the desk or chair attached to the motel room wall just inside the entry door. Appellant was in close proximity to the firearm because it was found near the entry door, and he had ready access to the firearm. The evidence shows that McQuigg never removed the firearm from its case after she purchased it. However, the firearm was found outside its case, and in an enclosed space. Moreover, Appellant's conduct indicated a consciousness of guilt, including furtive gestures. He abruptly slammed the door of the motel room in the officers' faces after he opened the door. He did not respond to the officers again until approximately thirty-seven seconds later, indicating conduct that tended to link him to the firearm. This evidence supports a reasonable inference that Appellant voluntarily possessed the firearm found in the motel room. *See id.* at 162 n.12.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of unlawful possession of a firearm by a felon beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 46.04(a); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 912. We overrule Appellant's second issue.

6

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 30, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2017**

**NO. 12-16-00132-CR**

**DESMOND JEREL VEAL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0058-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*